**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**SHERMAN D. NOBLE**                                                    **PETITIONER**

**VS.**                        **CASE NO.: 5:15CV00296 JLH/BD**

**WENDY KELLEY, Director,
Arkansas Department of Correction**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.     Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

Judge J. Leon Holmes.  Mr. Noble – or any party – may file written objections with the

Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections

must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if

no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing the record.

### II.    Introduction

Petitioner Sherman D. Noble filed the pending 28 U.S.C. §2254 petition for a writ

of habeas corpus on September 17, 2015.  (Docket entry #1)  The petition challenges Mr.

Noble's 1992 conviction for capital murder.[1]  Mr. Noble likely filed his petition after the

---

[1] The Jefferson County Circuit Court sentenced Mr. Noble to life in prison without
parole.

expiration of the statute of limitations.  This Court lacks jurisdiction, however, to address either the merits of his claims or the limitations issue.

Mr. Noble filed a previous federal habeas petition challenging the same conviction that he challenges here.[2]  See *Noble v. Evans*, Case No. 2:99-cv-00098-SWW, docket entry #1( E.D.Ark. dismissed Feb. 26, 2002).  After remand from the Eighth Circuit Court of Appeals, the district court addressed most of the issues Mr. Noble brings in the pending petition, but the court did not hear any additional evidence.  *Id*. at #26.

Mr. Noble did not seek or receive authorization from the Court of Appeals to file a second or successive petition.  Instead, after filing the pending petition, he filed a motion to show cause.[3]  (#3)  In the motion, Mr. Noble argues that his petition is not successive and this Court should transfer his case to the Eighth Circuit Court of Appeals for determination.

## III.   <u>Discussion</u>

This Court lacks jurisdiction to hear a second or successive petition.  Before filing a second or successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals that authorizes the district court to

---

[2] The Clerk did not assign the pending petition to either of the district judges who heard Mr. Noble's first petition.  The magistrate judge who heard the petition has since retired.  Judge Holmes may determine reassignment is proper under General Order No. 39(b)(3).

[3] Although titled a motion to show cause, the motion is treated as a motion for transfer.

consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Authorization is required even where the petitioner claims actual innocence.  28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[4]  Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals.  Rule 4, Rules Governing Habeas Corpus Cases;  *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The pending petition is "successive" because Mr. Noble's previous petition challenged the same state conviction.  His primary claim was ineffective assistance of counsel, the primary claim he raises in the pending petition.  *Noble v. Evans*, Case No. 2:99-cv-00098-SWW, docket entries #1, #26, and #27 (E.D.Ark. dismissed Feb. 26, 2002).

Mr. Noble argues, however, that it is not a successive petition because some of the facts that he would introduce in this case were not considered in the previous action.  He notes that, in his previous habeas petition, the district court did not conduct a hearing or receive additional evidence after remand from the court of appeals.

---

[4] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. § 2244(b)(2).

This argument is unpersuasive for two reasons.  First, federal habeas corpus review is generally limited to the record that was before the state court that adjudicated the claim. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  Evidentiary hearings in federal habeas proceedings are held only where a petitioner establishes that he was unable to develop the factual basis for a claim in state court despite diligent effort. *Williams v. Taylor*, 529 U.S. 420, 430, 120 S.Ct. 1479, 1487 (2000); 28 U.S.C. § 2254(e)(2).  Mr. Noble has failed to note any circumstance that prevented him from raising all of his current claims in the previous petition.  Second, the lack of an evidentiary hearing on remand does not change the fact that the current petition is a successive petition.

Instead of dismissal, Judge Holmes could transfer this petition to the Eighth Circuit Court of Appeals.  Under 28 U.S.C. § 1631, a court that lacks jurisdiction over a civil case "shall, if it is in the interest of justice," transfer the action to a court where the action could have been brought.  The Eighth Circuit Court of Appeals has jurisdiction to authorize the pending petition.  28 U.S.C. § 2244(b)(3)(A).

The Eighth Circuit has not decided whether transfer of a successive petition under 28 U.S.C. § 1631 is appropriate, mandatory, or even permissible.  Other circuits to address this question, however, have found transfer either mandatory or discretionary. See *e.g., United States v. Barrett*, 178 F.3d 34, 41 fn 1 (1st Cir. 1999) (transfer under 28 U.S.C. § 1631, rather than dismissal, may be preferable in some situations); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir.1996) (transfer under § 1631 is mandatory); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (if a petitioner files a second or

4

successive habeas petition in a district court without the permission of a court of appeals, the district court's only options are to dismiss the petition or transfer it to the court of appeals under 28 U.S.C. § 1631); *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004) (transfer is not mandatory, instead, district courts have the discretion to either transfer the petition under § 1631 or dismiss the unauthorized petition); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (transfer for authorization under 28 U.S.C. § 2244(b)(3) is appropriate); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (transfer under § 1631 is mandatory); *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999)(a district court may transfer a successive petition, but should dismiss a "sure loser" rather than waste another court's time); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (district court should transfer second or successive petition filed without the required authorization); *Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999)(§ 1631 authorizes transfer of an unauthorized second or successive petition).

The Eighth Circuit has accepted a transfer from this District under § 1631 on at least one prior occasion.  See *Bates v. Norris*, Case No. 5:06-cv-00239-BRW/JWC (E.D.Ark. transferred Dec. 18, 2006).  Even so, transfer in this case would not serve the interests of justice for several reasons.  First, Mr. Noble is not proceeding pro se, so his ability to file the appropriate request for authorization is not limited.  Second, based on the record before this Court, Mr. Noble's petition appears to be a "sure loser."  See *Phillips v. Seiter, supra*.  Development of the record could prove otherwise, but since this Court lacks jurisdiction, development of the record is inappropriate.  Third, it appears that

this petition is time-barred, and nothing in the current record approaches the showing necessary to overcome expiration of the limitations period.  See *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928-36 (2013)(to make a threshold showing to overcome expiration of the one-year limitations period, a petitioner must show that, in light of new evidence, no reasonable jury would have found him guilty beyond a reasonable doubt; diligence and the timing of a petition are considerations).  Finally, despite numerous summary dismissals of successive petitions, the Eighth Circuit has not directed this district court to transfer, instead of dismiss, the petitions.

## IV.   <u>Conclusion</u>

The Court recommends that Judge Holmes DENY the motion to transfer (#3) and DISMISS Sherman D. Noble's successive petition for writ of habeas corpus (#1), without prejudice, for lack of jurisdiction.  The Court further recommends that Judge Holmes deny a certificate of appealability.

DATED this 6th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE